**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-40231
Summary Calendar

GEORGE RODRIGUEZ, SR.,

Plaintiff-Appellant,

VERSUS

MR. WOODS, Warden; MR. BURTON, Food Service Administrator;
D. MARTIN, Hospital Administrator; S. RIOS, Physician's Assistant,
G. ARIZMENDI, Physician's Assistant; E. CABUSAO, Physician's Assistant;
M. BLANCAS, Physician's Assistant; W. DUTEIL, Chief Doctor; MRS. RAMOS,
X-Ray Technician; JANET RENO, Attorney General; GAYNELLE GRIFFIN JONES,
U. S. Attorney; UNITED STATES OF AMERICA,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-94-CV-202

March 18, 1999

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

George Rodriguez, an inmate at a federal correctional facility at the time this lawsuit was

filed, appeals the district court's ruling granting summary judgment for the defendants. Rodriguez

sued several defendants, all prison personnel, in their individual capacity, under 42 U.S.C. § 1983,

alleging civil rights violations in the form of deliberate indifference to a serious medical condition.

We affirm in part, and reverse in part.

Contrary to the allegations in the complaint, this case does not involve 42 U.S.C. §1983.

The defendants are *federal* prison personnel, and therefore not persons acting under color of *state*

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

authority.[2] Because Rodriguez has specifically pleaded that the defendants were being sued in their individual capacity, he may nonetheless seek damages for constitutional violations. Such a claim, however, is properly handled as a <u>Bivens</u> action, not as a §1983 claim. [3] While the district court erred in treating this matter as a § 1983 action, the error was harmless, for the same substantive standards of a §1983 claim apply to a <u>Bivens</u> action.[4]

Rodriguez injured his right knee in a fall. He was examined, and a radiologist located a fracture of the right knee. Rodriguez's knee was then placed in a cast. Several days later, Rodriguez was examined again. This examination, conducted by a different physician, revealed no fracture, and the cast was removed. Rodriguez contends that prison personnel were deliberately indifferent to his medical needs by failing to take X-rays immediately, by not noticing the "fracture" immediately, and by prematurely removing the cast on his knee. A prison official acts with deliberate indifference "only if he knows of and disregards an excessive risk to inmate health or safety."[5] There is no such violation with regard to Rodriguez's injured right knee. "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice."[6] A claim of medical malpractice does not become a constitutional violation simply because the plaintiff is a prisoner.[7] Viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[8]

Rodriguez further argues that the defendants were deliberately indifferent to a serious medical

---

[2] <u>Leffall v. Dallas Independent School District</u>, 28 F.3d 521, 525 (5th Cir. 1994).

[3] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[4] <u>Carlson v. Green</u>, 446 U.S. 14, 19 (1980).

[5] <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

[6] <u>Estelle v. Gamble,</u> 429 U.S. 106, 107 (1976).

[7] <u>Id</u>. at 106.

[8] Fed. R. Civ. P. 56(c).

condition regarding his left knee. Rodriguez had had problems with this knee since 1966. In 1992, while Rodriguez was incarcerated, an orthopedic surgeon recommended total knee replacement surgery. Due to the logistical problems of prison populations, Rodriguez could not be transferred to receive this surgery. In July, 1994, a second doct or concluded that Rodriguez was not permanently disabled, and the surgery was therefore unnecessary. As with his right knee, the failure to treat was t herefore because of a difference in medical opinions, and did not give rise to a constitutional violation.

On August 23, 1994, Rodriguez had further X-rays taken of his left knee. These tests revealed advanced degenerative joint disease of the left knee. After this diagnosis, the Health Services Administration of the prison made two requests for Rodriguez to be transferred to a medical facility. These requests were denied. Rodriguez was eventually released from prison without further treatment of his knee. The record does not indicate why Rodriguez never received any further treatment. The standard of deliberate indifference encompasses delays in obtaining medical treatment for serious injuries.[9] Reviewing the record in the light most favorable to Rodriguez, there is a genuine issue of material fact as to whether prison official were deliberately indifferent to the condition of his left knee after the August 23, 1994, diagnosis. In such a situation, summary judgment is improper.

As to the claim of deliberate indifference to Rodriguez's left knee after August 23, 1994, the district court's granting of summary judgment is REVERSED and REMANDED. As to all other claims, the district court's granting of summary judgment is AFFIRMED.

---

[9] Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).